**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0831n.06
Filed: November 14, 2006

**No. 05-3444**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| ) | THE SOUTHERN DISTRICT OF |
| THELL ROBINSON III, ) | OHIO |
| ) | |
| Defendant-Appellant. ) | |

Before: SILER, CLAY, and BALDOCK,[*] Circuit Judges.

**SILER**, Circuit Judge. Following a jury trial, Thell Robinson was convicted of being a felon

in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 100 months

in prison. He appeals his conviction on three grounds. First, that the evidence was insufficient to

convict him of the charge. Second, that the court should have stricken the testimony of the expert.

Third, that the indictment failed to state an offense. Because Robinson's arguments lack merit, we

**AFFIRM**.

**I. BACKGROUND**

---

[*]The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting
by designation.

Columbus, Ohio police officers stopped the car in which Robinson was a passenger. The officers asked him to exit the vehicle and conducted a patdown, during which one officer discovered a Bryco Arms 9mm handgun in the waistband of Robinson's pants.

At trial, the government introduced the testimony of Bureau of Alcohol, Tobacco and Firearms and Explosives (ATF) Special Agent David Hall for the purpose of showing the origin of the gun to prove the interstate commerce nexus element of the charge. Hall testified that he had examined between 50 and 100 Bryco firearms and that, to his knowledge, Bryco's current and previous manufacturing locations included Costa Mesa and Irvine, California, and Nevada. He testified that he knew of no other Bryco manufacturing facilities besides those in Nevada and California. He further testified that on the side of the Bryco firearm obtained from Robinson there was a stamp stating "Bryco Arms" and "Costa Mesa, California, U.S.A." Hall further explained that he conducts research on information for testimony utilizing records saved on compact discs maintained by the ATF. These records contain the addresses of firearms manufacturers, which they are required to provide to the ATF.

## II.  DISCUSSION

The felon in possession statute, 18 U.S.C. § 922(g), states, in relevant part, that

> It shall be unlawful for any person who has been convicted in any
> court of, a crime punishable by imprisonment for a term exceeding
> one year . . . to ship or transport in interstate or foreign commerce, or
> possess in or affecting commerce, any firearm or ammunition[.]

18 U.S.C. § 922(g)(1). In the present case, where Robinson's status as a felon and his possession of a firearm were not in dispute, the only remaining element of the statute the government needed to prove was the interstate commerce requirement.

### 1. Interstate Commerce Nexus

The district court properly ruled that sufficient evidence existed to support the interstate nexus element of the crime under the statute. The weapon in question bore the inscriptions "Bryco Arms" and "Costa Mesa, California, U.S.A." "[P]roof that a firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected commerce." *Watkins v. United States*, 564 F.2d 201, 204 (6th Cir. 1977).

Other circuits have recognized that the manufacturer's inscription on a firearm alone is evidence sufficient to prove that the weapon traveled in interstate commerce. *See, e.g., United States v. Clay*, 355 F.3d 1281, 1286-87 (11th Cir. 2004) (finding no error in admission of firearm with imprint for purposes of establishing interstate commerce nexus); *United States v. Brantley*, 68 F.3d 1283, 1288 (11th Cir. 1995) (firearm seized in Florida and bearing inscription of manufacture in Atlanta gave a "clear indication of interstate commerce"). We similarly hold that a manufacturer's inscription on a firearm can be sufficient evidence to prove that the firearm traveled in interstate commerce.

### 2. Expert Testimony

Notwithstanding the persuasiveness of the firearm's inscription, the government presented additional evidence through Hall. Hall personally examined numerous Bryco firearms and was familiar with Bryco's historical manufacturing locations in California and Nevada. It has long been

recognized that "[t]he government may satisfy its burden of establishing that the firearm was manufactured outside the state in which the possession occurred by presenting the testimony of a witness who, through personal experience, knows the place of manufacture of the firearm and by making the witness available for cross-examination." *United States v. Vincent*, 20 F.3d 229, 236 (6th Cir. 1994). These criteria were satisfied in the present case and the jury properly relied on the firearm's inscription, as well as on any additional testimony offered by Hall, in convicting Robinson under the statute charged.

The district court also properly admitted the testimony of Hall despite the exclusion of his written report. As we noted in *Vincent*, the testimony of an expert witness regarding a firearm's place of manufacture is "not hearsay." *Id*. Furthermore, Robinson failed to move to strike Agent Hall's testimony at trial. Admission of the testimony was not an abuse of discretion.

**3. Sufficiency of the Indictment**

The indictment charged Robinson with possessing a firearm that had been shipped and transported in interstate commerce. It was sufficient to put Robinson on notice of the crime he was charged. In *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991), the defendant made a similar argument that the indictment against him was insufficient because it did not allege the specific elements of 18 U.S.C. § 922(g)(1). *Id.* at 1479. He further argued that because the indictment might be interpreted as charging receipt or possession he could be charged with two crimes under § 922. *Id.* The Tenth Circuit found these claims to be without merit because the government need not precisely state the language in a statute to set forth a sufficient indictment, and the record would remedy any double-jeopardy concerns. *Id.*

No. 05-3444
United States v. Robinson

Robinson alleges that the indictment did not charge an offense, but a motion to dismiss was not made before trial under Fed. R. Crim. P. 12(b)(3)(B). Nevertheless, the court could still entertain such a motion while the case is pending. *Id.*

Although the indictment did not track the language of the statute, it charged a crime under 18 U.S.C. § 922(g)(1). A person who possesses a firearm had to receive it, unless he made the weapon, which was never claimed. And a person who receives it then possesses it. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987). The decision in *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004), is not applicable, for in that case the indictment failed to state an offense; whereas, in this case, an offense is charged, although not in the exact language of the statute.

**AFFIRMED.**