**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1091n.06

**No. 11-6448**

**FILED**

*Oct 19, 2012*

DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

GARY MCDOWELL,

    **Defendant-Appellant,**

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

_____/

**BEFORE:**    CLAY and WHITE, Circuit Judges; HOOD, District Judge.[*]

    **CLAY, Circuit Judge.** A jury convicted Defendant Gary McDowell of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and the district court sentenced him to 120 months in prison to be followed by three years of supervised release. Defendant contends on appeal that the district court improperly admitted, as *res gestae* or background, evidence regarding the home invasion robbery that precipitated him being charged with the gun possession offense. For the reasons set forth below, we **AFFIRM** Defendant's conviction.

_____

    [*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## BACKGROUND

At about 12:20 a.m. on June 18, 2010, Defendant, along with two other people, broke into a residence at 1737 South Trezevant Street in Memphis, Tennessee. Defendant, wearing a ski mask and gloves, and his cohorts went to this address in order to collect on an unpaid debt. At the same time, an unrelated individual, Travis Woods, was at a nearby bar watching a basketball game. Woods met a woman at the bar, who invited him back to her home following the game. Despite receiving directions to this woman's home, Woods inadvertently ended up at 1737 South Trezevant. When Woods approached the house, Defendant pointed his gun at Woods, and Woods fled.

Woods flagged down Memphis police officers Gary Williams and Durrell Gray, who had arrived at the scene in response to a 911 call about the robbery. Woods told the officer that a man, who he identified at trial as Defendant, had threatened him with a gun at 1737 South Trezevant. Upon reaching 1737 South Trezevant, Williams observed two black men run from the house; Gray, who was stationed at a different location by the house, saw one man run past him and heard Williams engaged in a struggle with Defendant. Williams and Gray both later identified one of the men as Defendant and confirmed that Defendant was wearing a ski mask and gloves and had a handgun. The officers apprehended Defendant and recovered a gun—a .40 caliber Smith & Wesson pistol. The other fleeing man successfully evaded apprehension by police.

The following day, Defendant, after having been advised of his *Miranda* rights, agreed to provide police with a statement. A redacted version of this statement was later entered into evidence at Defendant's trial. In the statement, Defendant admitted to participating in a robbery at 1737 South Trezevant on June 18, 2010 possessing a gun during the robbery, and having been previously

convicted of a felony. At trial, the government submitted proof of that Defendant's prior felony convictions.

On September 21, 2011, a federal grand jury for the Western District of Tennessee returned a one-count indictment of Defendant, charging him with being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g). Prior to trial, the government gave notice to Defendant that it intended to introduce evidence related to the home invasion robbery in which Defendant was involved that precipitated him being charged with the gun possession offense. Defendant then filed a motion *in limine* to exclude such evidence. On July 11, 2011, the district court held a hearing on the motion at which the court concluded that the evidence was admissible as *res gestae* or background evidence. In the course of denying Defendant's motion, however, the district court limited the scope of the robbery evidence that the government could introduce as background.

At trial, Defendant renewed his objections to the introduction of the home invasion evidence. Specifically, Defendant took issue with questioning about a ski mask and gloves that were admitted into evidence; the introduction of an envelope found on Defendant containing $900; questioning about Defendant's statement to police on the night of the robber; and the introduction of Defendant's redacted statement to the police on the night of the robbery. During the course of trial and then again in the charge to the jury, the district court instructed the jurors that they were not to consider acts not charged in the indictment, such as the robbery.

The jury convicted Defendant on July 13, 2011 on the sole § 922(g) count. The district court sentenced Defendant to 120 months in prison to be followed by three years of supervised release. Defendant timely appealed, invoking this Court's jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

We review evidentiary rulings of the district court for abuse of discretion, *United States v. Mayberry*, 540 F.3d 506, 515 (6th Cir. 2008), subject to harmless error review, *United States v. Bell*, 516 F.3d 432, 447 (6th Cir. 2008); *see* Fed. R. Crim. P. 52(a). Under harmless error, "the question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Bell*, 516 F.3d at 447 (citation internal quotation marks omitted). When excluding the evidence complained of, there is nonetheless overwhelming evidence of the defendant's guilt, harmless error may be found. *Id*. Moreover, curative instructions given by the district court may also render an evidentiary error harmless. *Id*.

The crime of being a felon in possession of a firearm under 18 U.S.C. § 922(g) consists of three elements: (1) the defendant had a previous felony conviction; (2) the defendant knowingly possessed the firearm specified in the indictment; and (3) the firearm traveled in or affected interstate commerce. *United States v. Morrison*, 594 F.3d 543, 544 (6th Cir. 2010). Even assuming that the admission of evidence of the home invasion was erroneous, we are convinced that "that the judgment was not substantially swayed by error" and was therefore harmless because the government's proof on each of the three elements of § 922(g) was overwhelming. *Bell*, 516 F.3d at 447 (citation and internal quotation marks omitted). On the first element, the government introduced certified copies of Defendant's prior felony convictions into evidence, as well as Defendant's admission in his in-custody statement that he had been previously convicted of a federal felony "[f]or distribution of drugs." As to possession, Defendant did not challenge the government's proof on this element, which consisted of multiple eyewitness statements identifying Defendant as possessing the gun and

4

Defendant's own admission to that effect. Finally, as to the interstate nexus, the government put on an expert—Special Agent Frederic Winston of the Bureau of Alcohol, Tobacco, Firearms, and Explosives—who testified that Smith & Wesson guns, including Defendant's gun, are manufactured in Springfield, Massachusetts. Additionally, the gun specifically had the manufacturer's inscription and "Springfield, MA, USA" labeled on it. The expert's testimony and manufacturer's inscription on the gun, combined with the fact that Defendant possessed the gun in Tennessee, leads to the inexorable conclusion that Defendant's gun traveled in interstate commerce. *See, e.g.*, *United States v. Murphy*, 107 F.3d 1199, 1211–12 (6th Cir. 1997) (listing cases); *see also United States v. Robinson*, 205 F. App'x 415, 417 (6th Cir. 2006) ("[A] manufacturer's inscription on a firearm can be sufficient evidence to prove that the firearm traveled in interstate commerce."). Therefore, it is clear that regardless of whether the evidence regarding the home invasion robbery was properly admitted, the government has shown any such error to be harmless.

Our conclusion is further bolstered by the fact that during the course of trial and then again in the charge to the jury, the district court instructed the jurors that they were not to consider acts not charged in the indictment, such as the robbery, in determining Defendant's guilt on the gun possession charge. *See United States v. Layne*, 192 F.3d 556, 573 (6th Cir. 1999) (finding harmless error where "the evidence against Defendant was overwhelming, and the district court gave a curative instruction"); *cf. United States v. Harvey*, 653 F.3d 388, 396 (6th Cir. 2011) ("Jurors are presumed to follow instructions.").

## CONCLUSION

For the foregoing reasons, we **AFFIRM** Defendant's conviction.