KETHLEDGE, Circuit Judge.
On September 15, 2007, Charlie Ealy was leaving the Silver Spoon nightclub parking lot in his 2006 Cadillac DTS when he saw a woman he knew leaving the club. He stopped and talked to her for a few minutes. A man approached them, armed with a handgun. At the same time, a car pulled up and blocked in Ealy’s car. Eventually, the gunman and driver— armed with a tire iron — forced Ealy out of the Cadillac and onto the ground. The two men stole Ealy’s car, watch, necklace, bracelet, and two rings. A jury later determined that the gunman was Lawrence Harper and found him guilty of carjacking, see 18 U.S.C. § 2119, felon in possession of a firearm, see 18 U.S.C. § 922, and use of a firearm during the commission of a crime of violence, see 18 U.S.C. § 924(c). The jury also determined that the driver was Travis Bowdery and found him guilty of carjacking, see 18 U.S.C. § 2119, felon in possession of a firearm, see 18 U.S.C. § 922, use of a firearm during the commission of a crime of violence, see 18 U.S.C. § 924(c), obstruction of a criminal investigation, see 18 U.S.C. § 1510(a), and tampering with witness testimony, see 18 U.S.C. § 1512(b). The district court sentenced Harper to 204 months’ imprisonment and Bowdery to 320 months’ imprisonment. Harper challenges his conviction and sentence, and Bowdery challenges his conviction.
A.
Harper and Bowdery challenge the sufficiency of the evidence supporting their convictions. “We review de novo a challenge to the sufficiency of the evidence supporting a criminal conviction.” United States v. Howard, 621 F.3d 433, 459 (6th Cir.2010) (internal quotation marks omitted). Our review of a guilty verdict “is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original).
Harper and Bowdery first challenge the sufficiency of the evidence supporting their convictions for being felons in possession of a firearm, in -violation of 18 U.S.C. § 922(g). The statute requires proof of three elements: first, “that the defendant had a previous felony conviction,” second, “that the defendant knowingly possessed the firearm specified in the indictment,” and third, “that the firearm traveled in or affected interstate commerce.” United States v. Morrison, 594 F.3d 543, 544 (6th Cir.2010) (internal quotation marks and citation omitted). Harper and Bowdery do not contend the first and third elements. The issue, then, is whether the government proved that Harper and Bowdery each possessed the firearm.
*332 The jury had sufficient basis to conclude that each of them did. As to Harper, Ealy positively identified Harper as the person who pointed the gun at him during the robbery. Ealy also testified that Harper was within a few feet of him at the time and did nothing to conceal his face. In addition, Ealy identified Harper in a photo lineup as the gunman immediately following the robbery. From this evidence, a rational jury could conclude that Harper possessed the gun.
There was likewise evidence that Bowdery possessed the firearm. A Memphis Police officer, Detective Cezar Polk, discovered the firearm in the bedroom of Bowdery’s girlfriend, Daschia Lathan. Lathan’s mother and two sisters also testified that Lathan did not own any guns and that Bowdery often spent the night in Lathan’s bedroom. Moreover, multiple witnesses testified that Bowdery urged Lathan to confess to the possession charge so that he could avoid conviction. And none of those witnesses had ever seen Lathan with a gun or knew of her owning one. Victoria Wilson — Bowdery’s former girlfriend — testified that Bowdery told her that the gun found in Lathan’s bedroom was his. Ealy and Erika Taylor also testified that the gun found in Lathan’s bedroom matched the gun used during the robbery. This evidence supports the jury’s finding that Bowdery at some point possessed the gun.
Harper and Bowdery next argue that there was insufficient evidence to support their carjacking convictions. To obtain a carjacking conviction, the government must “prove that the defendant, (1) with intent to cause death or serious bodily harm, (2) took a motor vehicle, (8) that had been transported, shipped, or received in interstate or foreign commerce, (4) from the person or presence of another (5) by force and violence or intimidation.” United States v. Fekete, 535 F.3d 471, 476 (6th Cir.2008).
The intent element is the one the defendants challenge here. “Congress’ inclusion of the intent element requires the Government to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car.” Holloway v. United States, 526 U.S. 1, 11-12, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999).
Here, Ealy testified that Harper pointed the gun at him at close range and told him to get out of the Cadillac. That action alone “is the equivalent of issuing a direct verbal threat to kill or harm” and supports the jury’s finding of specific intent. Fekete, 535 F.3d at 482. Ealy also testified that both Harper and Bowdery— armed with a tire iron — physically forced him to the ground. That too indicates an intent on the part of the defendants to act violently. See United States v. Adams, 265 F.3d 420, 425 (6th Cir.2001). Sufficient evidence supports each defendant’s conviction.
Harper also argues that there was insufficient evidence to support his conviction for being in possession of a firearm during a carjacking, in violation of 18 U.S.C. § 924(c). Harper advances nothing new here; he repeats his gun possession and carjacking arguments. Because we reject those arguments, we likewise reject this one.
Bowdery advances two sufficiency arguments independent of Harper. First, Bowdery argues that there was insufficient evidence to support his conviction for obstruction of a criminal investigation, in violation of 18 U.S.C. § 1510. Ealy testified to the following at trial: Bowdery was one of the two individuals who stole his jewelry and car; Eal/s friend told him that he *333 knew Bowdery and that he could get his jewelry back if he told investigators that Bowdery did not commit the carjacking; Bowdery’s cousin coordinated with Ealy to return the jewelry; Ealy falsely told investigators that Bowdery and Harper did not rob him; and Bowdery’s cousin returned Eal/s jewelry. The government also admitted the jewelry returned to Ealy as evidence. This testimony and evidence was sufficient to support the jury’s conviction.
Bowdery also challenges his witness-intimidation conviction, in violation of 18 U.S.C. 1512(b)(1). Multiple people testified that Bowdery attempted to convince Lathan to confess to the gun possession charge. The government also provided recordings of Bowdery arranging to have individuals approach Lathan to confess to the possession charge. And Lathan’s mother testified that Bowdery threatened her to make Lathan confess. Thus, the evidence too is sufficient to support Bow-dery’s conviction.
B.
Harper and Bowdery next argue that the district court erred in sustaining the government’s Batson objection to two of their peremptory challenges. “We review a district court’s determination of a Batson challenge with great deference, under a clearly erroneous standard.” United States v. Copeland, 321 F.3d 582, 599 (6th Cir.2003) (internal quotation marks and citation omitted). During voir dire, the defendants exercised peremptory challenges against four white jurors. The defendants did not, however, move to strike any black jurors. The government challenged these strikes under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The district court excused two of the jurors but seated the other two.
“Batson applies to peremptory challenges based on race[.]” United States v. Kimbrel, 532 F.3d 461, 466 (6th Cir.2008). A three-step burden-shifting inquiry governs Batson challenges. Hernandez v. New York, 500 U.S. 352, 358-59, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). First, the “party opposing the strike must establish a prima facie case of race [ ] discrimination.” Kimbrel, 532 F.3d at 466. Second, if a prima facie case is established, the burden shifts to the proponent of the strike to articulate a race-neutral explanation for the challenges in question. Id. Third, if the proponent provides a valid explanation for the strike, “the trial court must decide whether the opponent has proved purposeful discrimination.” Id.
During voir dire, the government objected to Harper and Bowdery’s peremptory strikes of Jurors Segars, Nelms, McCarthy, and Gates. After the government advanced a prima facie case of discrimination based on the defendants striking only white jurors, the district court moved to step two under Batson and asked the defendants’ counsel to provide a nondiscriminatory explanation. The district court accepted the defendants explanation for Jurors Nelms (a Navy veteran who showed a “reluctance to answer”) and Gates (a victim of auto theft).
But the court pressed the defendants’ counsel on Jurors Segars and McCarthy. As for Juror Segars, Harper’s counsel said that she was “wishy washy” and “a sheep” and that she was “going to follow along and do what everybody else tells her.” The court asked Harper’s counsel if there was “any specific answer that she gave that you are concerned about[,]” to which he again answered that “all I remember thinking is that woman is a sheep, she’s going to do what everyone else does” but that “it was a last-minute decision to strike her” and “[i]f you leave her on, I don’t *334 have any problem.” As to Juror McCarthy, Bowdery’s counsel stated that it was Powdery’s choice to strike McCarthy and that although “he didn’t have very much,” Bowdery said that McCarthy was “glaring” at him. The court then found that the defendants had offered a race-neutral justification for each of the peremptory strikes.
The court thereafter moved to step three of the Batson analysis and concluded that, “under the totality of the circumstances ... the justification that was produced by the defendants was not plausible and that the government’s prima facie case outweighed” the defendants.
The record supports the district court’s decision here. Indeed, Batson requires a district court to determine whether a race-neutral reason offered for a challenge is credible. See Purkett v. Elem, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam) (“At [the third] stage, implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination”). The district court made that determination when it stated that the defendants’ reasons for striking Jurors Segars and McCarthy “were not plausible under all of the circumstances.” On this record, we have no basis to say that the court’s determination was clearly erroneous.
C.
Harper’s next argument concerns his sentence. At his sentencing hearing, Harper asked that the district court impose his federal sentence concurrent to his 18-year state sentence for two separate carjacking convictions. Harper’s request was based, in part, on his plea agreement with state prosecutors, which said his state sentences would run concurrent to any federal sentence. The district court denied that request and instead made his federal sentence run consecutively to his state sentence. We review the district court’s sentencing determination “under a deferential abuse-of-discretion standard for reasonableness.” United States v. Bolds, 511 F.3d 568, 578 (6th Cir.2007) (quotation marks and citation omitted).
Generally, a district court has discretion to decide whether the sentence should run consecutive to or concurrent with the previous one. United States v. Johnson, 640 F.3d 195, 208 (6th Cir.2011) (citing 18 U.S.C. § 3584(a)). When making that decision, however, the district court must consider the sentencing factors specified in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3584(a). The court should also consider the Guidelines factors articulated in U.S.S.G. § 5G1.3.
When “the court makes generally clear the rationale under which it has imposed the consecutive sentence ..., it does not abuse its discretion.” United States v. Owens, 159 F.3d 221, 230 (6th Cir.1998). The court made its rationale reasonably clear here. First, the court noted that Harper “has an extremely violent history involving assault, carjacking, theft of property, [and] lewd acts.” See 18 U.S.C. § 3553(a)(1). Next, the court stated that Harper’s sentence should “reflect the seriousness of the offense,” “promote respect for the law,” and “provide just punishment for the offense.” See 18 U.S.C. § 3553(a)(2)(A). Finally, the court explained that it was imposing a consecutive sentence because Harper “would likely only be serving 30 percent” of his state sentence, which “would be something less than six years.” See U.S.S.G. § 5G1.3(c). That is all that the district court was required to do.
The district court’s judgment is affirmed.