NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0090n.06

**No. 12-3645**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 31, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | **On Appeal from the United** |
| DAZZLE JOE YOUNG, | ) | **States District Court for the** |
| | ) | **Northern District of Ohio** |
| Defendant-Appellant. | ) | |

BEFORE:    BOGGS and ROGERS, Circuit Judges, and STEEH,[*] District Judge.

**STEEH, District Judge.**  This appeal follows a jury trial in which defendant Dazzle Joe Young was found guilty of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Young seeks a remand to the district court because the government allegedly withheld material evidence from the defense in violation of Young's right to due process.  In addition, Young seeks review of the district court's denial of his motion for acquittal and motion for new trial.  We hold that there was no due-process violation and therefore deny Young's request for remand.  The district court's rulings are affirmed because the jury's verdict is supported by the evidence and the district court did not apply an erroneous legal standard.

**I.**

During a controlled purchase monitored by the Akron, Ohio, Police Department on June 20, 2011, defendant Young sold a firearm to two informants, Patricia Stanley and Pamela Dean, both

---

[*] The Honorable George Caram Steeh, United States District Court for the Eastern District of Michigan, sitting by designation.

of whom have substantial criminal records and histories of drug abuse. Each of the informants wore an audio recording device during the alleged gun sale. Much of the recording was inaudible and the defense filed a motion in limine to exclude the recording from trial.

The government eventually agreed that because of technical problems with the audio recording, it would not use the recording as evidence. On January 20, 2012, the government attorney informed defense counsel of his intention to have Detective Shawn Brown testify about the substance of his monitoring of the audio during the informants' alleged purchase of the firearm from Young. In addition, the government would have Detective Brown identify Young's voice, which Brown was familiar with from an audio and video recording he had previously monitored in an unrelated prior investigation.

Young filed a renewed motion in limine to exclude testimony from any law enforcement officers regarding the audio recording that the government agreed not to introduce, as well as the simultaneous monitoring of the same. Young further requested that if his motion was denied he be given a continuance so he could conduct further expert analysis of the recording in this case, as well as voice recognition analysis of the earlier collateral recording. The court denied the request for a continuance and set the renewed motion in limine to be heard on the first day of trial.

Young's jury trial began on February 8, 2012. During voir dire, Detective Brown testified that he was able to identify Young's voice while he conducted surveillance from his car a block away from Young's house on June 20, 2011. Brown explained that on June 15, 2011 he had conducted a video and audio surveillance in an unrelated controlled drug purchase by an associate of Young. Young was present during the exchange and Brown could see him and hear his voice. Brown testified that Young's voice was "a deep-type voice, to go along with his height. It was the

2

kind of voice that you would expect from a tall person. A very deep voice. And it was very distinctive, especially among everybody else in the house during that tape, and that was the exact same voice I heard on the 20th."

The defense objected to this testimony on the basis that the government could not lay a foundation to demonstrate that the detective could identify Mr. Young's voice. Specifically, the defense asserted that it was never given the other recording during discovery, in violation of the government's obligation under Fed. R. Crim. P. 16(a)(1)(E)(i).

The district court never addressed the alleged discovery violation by the government. In ruling on the motion in limine, the court said "I think it is fairly close," but concluded that Brown provided a "sufficient foundation" under Fed. R. Evid. 901(b)(5), quoting from that rule:

> The following are examples of authentication conforming with the requirements of this rule. Identification of a voice, whether heard first hand or through mechanical or electronic transmission or recording by opinions based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.

The government's case-in-chief consisted of six witnesses. Detective Brown testified at trial that he was the "source handler" for the two informants involved in the controlled purchase. Brown gave the informants an audio transmitting device and pre-copied buy money. Brown took the informants to Young's house. The informants knocked on the door but there was no answer. An hour and a half later Dean made contact with Young, who said he was at his house. The surveillance team was reassembled. Brown monitored the transaction over the transmitting device from his car a short distance away from Young's house. Brown testified that he heard Stanley and Dean talking to a man he identified as Young because he had heard the same voice on a previous occasion. Brown heard the informants agree to buy a gun from Brown for $80.00. The three then discussed the rusted condition of the firearm.

3

Sergeant Stott assisted in the surveillance of the firearm purchase and witnessed the two informants go into the house with Young. Stott later observed the two informants leave the house. Stott testified that Young lived at the house, but he was "not sure who else lives there."

Patricia Stanley testified to her prior criminal convictions, and explained that at the time of trial she was receiving methodone to treat her opiate addiction. She testified that her cooperation in the Young case resulted in her receiving no jail time for a felony conviction. Stanley described going to Young's house with her friend Dean. On their second attempt to enter the house, they met with Young outside the house and went in together. She did not see anyone else inside the house. Young sold her a firearm and then she and Dean left the house and met up with law enforcement. Stanley noted that the firearm was rusty.

Dean testified concerning her prior criminal convictions, and that at the time of trial she was on methodone to treat her opiate addiction. Dean testified that she and Stanley met Young outside his house and then went into the basement of the house where they purchased the firearm. Dean said she asked Young if the gun was operable since it was rusty.

Detective Pamela Brown patted down the two female informants three times: before their initial (unsuccessful) attempt to enter the house, before their second attempt, and after they left the house.

ATF Agent Charles Turner examined the firearm after the informants returned from the house. He determined it was a Colt .38 revolver which was operable, albeit rusty and in "poor shape." Turner also followed Stanley and Dean to Young's house both times and, the second time, saw them meet with Young in the driveway of the house and go inside the house. Turner confirmed that law enforcement never recovered the $80 that was paid for the firearm.

4

After the government rested, the defense made an oral motion for acquittal pursuant to Federal Rule of Criminal Procedure 29(c). The court denied the motion. In instructing the jury, the court gave a cautionary instruction about the informants' drug use and their receipt of benefits from the government. The jury found Mr. Young guilty of being a felon in possession of a firearm.

After trial, Young filed a written motion for a judgment of acquittal. Young argued that the government's case-in-chief relied almost exclusively on the credibility of Stanley and Dean and that the government failed to sufficiently corroborate the testimony of these informants. Furthermore, there was no forensic proof of Young's guilt. The court denied Young's motion for acquittal at the sentencing hearing on May 3, 2012.

Young also filed a motion for new trial pursuant to Federal Rule of Criminal Procedure 33. Young maintained that the testimony of the informants, relied on by the government, was not trustworthy evidence. Additionally, the government's failure to present the June 15 audio and video recording upon which Detective Brown based his voice identification prejudiced Young. The court did not rule on the motion for new trial.

Young filed a timely appeal on May 11, 2012. This court granted Young's motion to hold the appeal in abeyance pending the district court's ruling on Young's motion for a new trial. On March 15, 2013, the district court denied Young's motion for a new trial.

## II.

### Government's Rule 16 Discovery and Inspection Obligation

5

Young contends that by not giving him the collateral recording, the government violated its obligation under Federal Rule of Criminal Procedure 16 by withholding material evidence necessary to prepare a defense, resulting in a violation of Young's right to due process. Claims that a defendant's constitutional rights were violated at the trial stage are reviewed *de novo*. *United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000). A claim that the government violated Rule 16 is reviewed for abuse of discretion. *United States v. Clark*, 385 F.3d 609, 619 (6th Cir. 2004). If a Rule 16 violation occurred, the violation is reviewed for harmless error. *Id.* (citing Fed. R. Crim. P. 52(a)). "An error, not of constitutional dimension, is harmless, unless it is more probable than not that the error materially affected the verdict." *Id.* (quoting *United States v. Neuroth*, 809 F.2d 339, 342 (6th Cir. 1987)).

Pursuant to Rule 16, the government must permit a defendant to inspect items in the government's control if the defendant requests such inspection and the item is material to prepare the defense. Fed. R. Crim. P. 16(a)(1)(E)(i). Materiality requires "an indication that pre-trial disclosure would have enabled the defendant to 'alter the quantum of proof in his favor'." *United States v. Dobbins*, 482 F. App'x 35, 41 (unpublished) (quoting *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993) (other citations omitted)).

The tape of a conversation incidental to the investigation of a prior drug buy, at which Young was present but was not a target and was not incriminated, is not material to Young's defense in this case. Prior disclosure of the tape would not have altered the quantum of proof in Young's favor. Existence of the tape was disclosed once it became apparent that the government had a use for it in this case, to lay a foundation for Detective Brown to identify Young's voice. By disclosing existence of the tape when it did, the government complied with its obligation under Rule 16.

6

More importantly, Young did not effectively make a request to inspect the tape. Rule 16(a)(1)(E)(i) clearly premises the government's duty to make items material to preparing the defense available "[u]pon a defendant's request." Young indicated in his renewed motion in limine that he had not inspected the tape and therefore sought a continuance of trial so that his attorney could review the recording. But, there is no indication the defense asked the government to make the tape available for inspection. Nor was there a motion presented to the district court seeking an order to make the tape available. During voir dire, Young only complains about the government's failure to disclose the tape earlier. There is no claim that the government refused to make the tape available for inspection after a request. While it is true that the court never addressed the alleged Rule 16 discovery violation, this is harmless error because there was no such violation.

Young asks this court to grant a limited remand to the district court to determine whether the prior recording is sufficient to establish a foundation for Brown's identification of defendant's voice. The defendant cites *United States v. White*, 492 F.3d 380 (6th Cir. 2007), which involved a failure to turn over potentially exculpatory *Brady* material. In *White*, this court remanded for an evidentiary hearing so the district court could conduct an *in camera* review of documents in order to determine whether a *Brady* violation occurred. *Id.* at 413.

The recording at issue in this case is not exculpatory material. Rule 16 addresses items material to preparing the defense, and requires the government to inform defendant of such items. The government did inform defendant of the collateral audio and video recording 19 days prior to the commencement of trial. It was then up to the defendant to make arrangements to listen to the recording, or request that the court review it before the voir dire examination of Detective Brown. The record contains no evidence that defendant made such a request.

7

The government thus did not violate its Rule 16 discovery obligation, and committed no violation of Young's due process rights.

## III.

## Rule 29 Motion for Acquittal

This court reviews *de novo* a district court's denial of a motion for a judgment of acquittal, "but that decision will be affirmed 'if the evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt.'" *United States v. Stafford*, 721 F.3d 380, 390 (6th Cir. 2013) (quoting *United States v. Ramirez*, 635 F.3d 249, 255 (6th Cir. 2011)). "In assessing the sufficiency of the evidence, 'we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury.'" *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001) (quoting *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir.), cert. denied, 512 U.S. 1243 (1994)).

In order to convict Young of being a felon in possession, the jury had to find that Young had a previous felony conviction, that he knowingly possessed the firearm specified in the indictment, and that the firearm traveled in or affected interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Morrison*, 594 F.3d 543, 544 (6th Cir. 2010). At trial, Young challenged only the sufficiency of the evidence supporting the conclusion that he knowingly possessed the firearm. Young maintains that the government's case relied largely on Dean and Stanley, each of whom lacked credibility because each had an extensive criminal record and had been addicted to drugs.

The district court recognized the credibility issues presented by Dean and Stanley, instructing the jury to consider the testimony of the informants with "more caution than the testimony of other witnesses." The court pointed out that an addict may be motivated by the need for drugs, and

therefore might be unduly influenced by the government's promise to avoid prison, because imprisonment would cut off their drug supply. The jury was instructed to "not convict the defendant based on the unsupported testimony of such a witness standing alone unless you believe her testimony beyond a reasonable doubt."

It is true that Dean and Stanley were the only witnesses present in the house in which Young allegedly sold the firearm. The law enforcement witnesses were involved in the preparation and surveillance of the controlled buy, and did not enter Young's residence. However, the informants' testimony was corroborated in that both witnesses were consistent in all significant respects, and because the purchase was controlled by the Akron Police Department.

The informants and their vehicles were searched before the buy and were found to have no guns. The informants and their vehicles were under constant surveillance until they returned and the police took possession of the firearm. During the sale, the informants had a conversation with Young about purchasing the gun, which they described consistently at trial, as did Brown, based on his surveillance. The informants left Young's residence with the gun. Young's house was under surveillance prior to, during, and after the purchase. Brown testified that he could identify Young's voice on the audio surveillance, which he knew from hearing it in an unrelated investigation. Brown testified that he heard Young discussing the sale of the gun immediately before Stanley and Dean left Young's house with the gun in their possession.

Stanley and Dean's credibility was for the jury to decide. The district court gave a proper cautionary instruction to the jury in light of the informants' criminal records and drug addictions. Viewing the evidence in the light most favorable to the government, the verdict in this case is supported by the evidence.

9

## IV.

## Rule 33 Motion for New Trial

The district court's decision to grant or deny a new trial is reviewed for abuse of discretion. *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012). An abuse of discretion occurs when a mistake has been made due to the district court's reliance on "clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Allen*, 619 F.3d 518, 523-24 (6th Cir. 2010) (quoting *Ross v. Duggan*, 402 F.3d 575, 581 (6th Cir. 2004)).

The district court issued a written opinion and order denying Young's motion for judgment of acquittal and motion for new trial. The court set forth the legal standard for each motion and then discussed the interplay between Federal Rules of Criminal Procedure 29 and 33. Regarding a Rule 33 motion for new trial, the district court noted that its power is broader, and potentially more favorable to the defendant, because the court may weigh the evidence and consider witness credibility.

Young argues that the court applied the wrong legal standard under Rule 33 when it stated that "the quality of the evidence and witness credibility are issues for the jury." However, the court went on to consider the sufficiency of the evidence and the witnesses' credibility before finding that the evidence supported Young's conviction. The court specifically found that the informants' testimony was corroborated by the fact that they testified consistently, and because they were operating within the tight confines of a controlled purchase. This corroboration of the informants' testimony, along with the weight of the evidence presented against Young, led the court to deny Young's motion for new trial.

While the court appears to have conflated the Rule 29 and Rule 33 standards with regard to the court's role in evaluating the informants' credibility due to their drug abuse and criminal histories, its analysis and holding were consistent with applying the proper legal standard. The district court did not apply an erroneous legal standard in denying Young's motion for a new trial.

**V.**

For the foregoing reasons, the government did not violate defendant's constitutional rights by withholding evidence in violation of its Rule 16 discovery obligations. Young's request for a remand is therefore **DENIED**. In addition, the district court's decisions denying defendant's motion for acquittal under Rule 29 and motion for new trial pursuant to Rule 33 are **AFFIRMED**.