NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0568n.06

No. 16-2513

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS** **FOR THE SIXTH CIRCUIT** | | **FILED** Oct 06, 2017 DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| OCTAVEOUS MELVIN GORDON, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GRIFFIN, and KETHLEDGE.

SUHRHEINRICH, Circuit Judge. Defendant Octaveous Gordon (Defendant) was convicted of transporting a minor (fifteen-year-old Dajsha) in interstate commerce with the intent to engage in sexual activity and for traveling in interstate commerce for the purpose of engaging in sexual conduct with a minor. He raises several challenges to his conviction. We conclude that none have merit and affirm.

## I. BACKGROUND

In February 2014 Defendant sent Dajsha, the victim, a direct message on Twitter. In that first message Defendant asked Dajsha her name, where she was from, and how old she was. Dajsha responded that she was fifteen and in high school in Wayne, Michigan. After that, the two communicated over Twitter multiple times per day for over a month. Soon Defendant asked Dajsha to be his girlfriend. He said that he wanted to have sex with her and asked her to send nude images of herself. Eventually it was decided that Defendant would pick Dajsha up at her

house in Michigan and bring her back to Chicago with him. On February 23, 2015, he picked her up at 4:00 a.m. and drove back to Chicago. Defendant's girlfriend, Britney Addison, and a baby were also in the car. On the drive back, Defendant received a voicemail from the Wayne police, and text messages from Dajsha's mother and sisters. Defendant told Dajsha that he was a pimp, but Dajsha thought that he was not serious.

Back in the apartment, after Defendant's girlfriend and the baby went to the mall, Defendant and Dajsha smoked marijuana and had sex. Soon thereafter Defendant told Dajsha that "he really was a pimp," and asked her if she "wanted to have sex for money." Defendant then told her that he would set up dates for her for that night. Before this occurred, however, the police arrived and took Dajsha to the police station. Her mother and sisters picked her up later that night.

Defendant was charged with attempted sex trafficking of a fifteen year-old minor, in violation of 18 U.S.C. § 1591 (Count One), transportation of a minor with intent to engage in sexual activity, in violation of 18 U.S.C. § 2423(a) (Count Two), and travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) (Count Three). The jury convicted Defendant of Counts Two and Three, and acquitted him of Count One. The district court sentenced Defendant to fifteen years' in prison. Defendant filed this timely appeal.

## II.     ANALYSIS

### A.     Jury Instruction

Defendant claims that he was deprived of due process because the district court failed to instruct the jury that it could find him not guilty if he reasonably believed Dajsha was eighteen. Defendant did not object to the jury instructions, however, so plain error review applies. *See United States v. Morrow*, 977 F.2d 222, 226 (6th Cir. 1992) (en banc). "In the context of

challenges to jury instructions, plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." *United States v. Semrau*, 693 F.3d 510, 528 (6th Cir. 2012) (quoting *United States v. Morrison*, 594 F.3d 543, 546 (6th Cir. 2010)). Omitting an instruction that is "[related] to elements that go to the question of guilt or innocence is plain error." *Id.* (alteration in original) (quoting *United States v. Damra*, 621 F.3d 474, 498 (6th Cir. 2010)).

Defendant acknowledges that knowledge of the victim's age is not a required element of § 2423(a) or (b). *See United States v. Daniels*, 653 F.3d 399, 409-10 (6th Cir. 2011) (addressing § 2423(a)). Nonetheless, he claims that he was entitled to an affirmative defense as to Count Two, the § 2423(a) violation,[1] because the jury was instructed that the "criminal sexual activity" prong of the third element may be satisfied by the Illinois criminal sexual abuse statute, 720 Ill. Comp. Stat. 5/11-1.60(d),[2] which has an affirmative defense that applies where the "accused reasonably believed the person to be 17 years of age or over." 720 Ill. Comp. Stat. 5/11-1.70(b). Defendant claims that because he had a recognized defense to that charge, the absence of this instruction was both misleading and prejudicial.

But Defendant was not entitled to such an instruction because the federal statute does not provide for one.[3] As we observed in *Daniels*, "this context justifies requiring a defendant—who

---

[1] Section 2423(a) states:

> (a) Transportation with intent to engage in criminal sexual activity.--A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or *in any sexual activity for which any person can be charged with a criminal offense*, shall be fined under this title and imprisoned not less than 10 years or for life.

§ 2423(a) (emphasis added).

[2] 720 Ill. Comp. Stat. 5/11-1.60(d) criminalizes penetration or sexual conduct between a person older than 13 but less than 17 years of age, and a person at least five years older than the victim.

[3] In his reply brief Defendant also argues that he was entitled to an affirmative defense instruction based on § 2423(g), which applies to a prosecution "under this section based on illicit sexual conduct as defined in subsection

No. 16-2513
*United States v. Gordon*

would presumably know he is treading close to the line in transporting a young person to engage in illicit sexual activity—to bear the risk that the person transported is underage." *Daniels*, 653 F.3d at 410. Allowing the affirmative defense would in essence negate an element of the strict liability crime, thereby undermining "congressional intent that minors need special protection against sexual exploitation." *Id.* (quoting *United States v. Cox*, 577 F.3d 833, 837 (7th Cir. 2009)).[4]

Defendant claims that Count Three, the § 2423(b) violation,[5] also warranted an affirmative defense instruction because the jury was instructed that the term "illicit sexual conduct" in subsection (b)

> includes sexual act with a person under 18 years of age that would consist of sexual abuse of a minor, as defined in *18 U.S.C. Section 2243*. Whoever is engaging in a sexual act with another person who has attained the age of 16 years, and is at least four years younger than the person so engaging, or any commercial sex act with a person under 18 years of age. [sic] A commercial sex act is any sex act for which anything of value is given to or received by any person.

---

[4](f)(2)." 18 U.S.C. § 2423(g). Subsection (f)(2) defines "illicit sexual conduct" to mean "any commercial sex act (as defined in section 1591 with a person under 18 years of age[.]" 18 U.S.C. § 2423(f)(2). Because he raised it for the first time in his reply brief, the argument is forfeited. *See United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). In any event, there was no proof in this case that Defendant engaged in a commercial sex act with Defendant, because nothing "of value" was "given to or received by" Dajsha for the sex act with Defendant. *See* 18 U.S.C. § 1591(e)(3). Furthermore, the availability of an affirmative defense for commercial sexual acts with minors underscores the conclusion that Congress did *not* intend that the affirmative defense be available when the conduct is not for commercial purposes.

[4] In his reply brief Defendant argues that the government's argument fails because the jury was not instructed to determine whether he could be *charged* with any criminal offense involving sexual activity, but whether he "intended to engage in prostitution or criminal sexual activity." This argument is shortsighted, because the jury was also instructed that "[c]riminal sexual activity includes aggravated criminal sexual abuse under Illinois criminal code Section 720 Ill. Comp. Stat. 5/11-1.60(d), which prohibits sexual penetration or sexual conduct with a victim who is at least 13 years of age, but under 17 years of age, and the person is at least five years older than the victim." Although the term "charge" was not used, the jury could not have been confused because the court identified and defined the "criminal offense involving sexual activity"—720 Ill. Comp. Stat. 5/11-1/60(d).

[5] Section § 2423(b) provides:

> (b) Travel with intent to engage in illicit sexual conduct.--A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both[.]

§ 2423(b).

Defendant correctly notes that § 2243, which criminalizes "[s]exual abuse of a minor or ward," in the special maritime and territorial jurisdiction of the United States or in a federal prison, contains an affirmative defense if "the defendant reasonably believed that the other person had attained the age of 16 years." § 2243(c). Notwithstanding, Defendant was not charged under § 2243. Furthermore, the definitional section of § 2423 defines "illicit sexual conduct" as meaning "a sexual act (as defined in section 2246) which a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States." § 2423(f)(1). It appears that the district court misspoke when it cited § 2243 instead of § 2246. But Defendant did not object, and the instruction was not otherwise erroneous or misleading. "Moreover, an improper jury instruction will rarely justify reversal of a criminal conviction when no objection has been made at trial, . . . and an omitted or incomplete instruction is even less likely to justify reversal, since such an instruction is not as prejudicial as a misstatement of the law." *United States v. Rayborn*, 491 F.3d 513, 521 (6th Cir. 2007) (quoting *United States v. Hook*, 781 F.2d 1166, 1172-73 (6th Cir. 1986)) (finding no plain error where district court did not sua sponte instruct on good-faith defense to conspiracy to commit mail fraud).

Thus, the jury instructions were not misleading or prejudicial because, for the most part, they accurately reflected each element of § 2423(a). And there certainly was no unfairness or miscarriage of justice in this case since there was undisputed evidence that Defendant knew Dajsha was fifteen years old: Dajsha told Defendant in their Twitter conversations and Officer Felts apprised Defendant of that fact in a voicemail on the morning Dajsha went missing. The circumstantial evidence pointed in the same direction: Dajsha testified that in her Twitter

conversations she told Defendant that she was in school and lived with her parents. She asked Defendant to buy her cigarettes (which a fifteen-year-old cannot do).

Although Defendant claims that there was evidence to warrant the instruction, he is mistaken. The only trial evidence suggesting that Dajsha was older than fifteen came from Addison. She told the officer who came to Defendant's apartment looking for "a 15-year-old girl from Michigan" that Dajsha "said she was 18." Addison also testified that *she* thought Dajsha was seventeen or eighteen, because *Defendant* told her that Dajsha was around seventeen or eighteen. Addison admitted that Defendant also told her that Dajsha was his cousin, which was also not true. But Addison's belief is irrelevant. As the government points out, virtually no evidence would have allowed the jury to conclude that Defendant had a *reasonable* belief that Dajsha was older than fifteen. In fact, Dajsha herself told Defendant she was fifteen. It is hard to imagine that the jury could have found that Defendant "reasonably believed" differently. The jury instructions given did not cause a "grave miscarriage of justice." *Semrau*, 693 F.3d at 528 (quoting *Morrison*, 594 F.3d at 546).

### B. Ineffective Assistance of Counsel

Relatedly, Defendant contends that counsel was constitutionally inadequate for failing to seek a jury instruction regarding an affirmative defense. Although we do not typically consider ineffective assistance arguments on direct appeal, *see United States v. Wagner*, 382 F.3d 598, 615 (6th Cir. 2004), we may do so in this case because this claim is predicated on an issue we have resolved on the merits, *see United States v. Jones*, 489 F.3d 243, 255 (6th Cir. 2007). Because the law did not support the instruction counsel failed to seek, Defendant was not deprived of constitutionally effective representation.

C.      **Right to Testify**

Next, Defendant claims that he was deprived of his constitutional right to testify on his own behalf because the district court ruled that his 2006 conviction for sexual assault could be used for impeachment purposes pursuant to Federal Rule of Evidence 413.  Based on this ruling, Defendant opted not to testify.  And because of that, this issue has not been preserved for appeal. *Luce v. United States* clearly held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."   469 U.S. 38, 43 (1984). Moreover, *Ohler v. United States* held that a defendant's constitutional right to testify is not violated by a ruling that might deter him from taking the stand, so long as it does not prevent him from doing so.  529 U.S. 753, 759 (2000); *see also United States v. Gunter*, 551 F.3d 472, 483-84 (6th Cir. 2009) (noting that *Luce* is not limited to interpretation of Fed. R. Evid. 609).  Here, Defendant clearly weighed the pros and cons of testifying, and chose not to testify.  Thus, consistent with *Luce* and *Ohler*, he waived his right to appeal the *in limine* ruling and his constitutional right to testify was not violated.

D.      **Fair Notice**

For the first time on appeal Defendant argues that § 2423(a) is unconstitutionally vague and overbroad.  Section 2423(a) criminalizes in relevant part transportation of a minor with intent to engage in "any sexual activity for which any person can be *charged* with a criminal offense."  § 2423(a) (emphasis added).  Defendant claims that it is vague and overbroad because "charge" is not defined.  That is, according to Defendant "[t]here is absolutely no standard by which [Defendant] (and any person of ordinary intelligence) could determine, what is in effect, an executive decision and function."  This claim is also subject to plain error review.

Unless otherwise defined, "words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979) (citation omitted). The plain meaning of "charge" is "a formal accusation of an offense as a preliminary step to prosecution." *Black's Law Dictionary* (10th ed. 2014). As the government asserts, the phrase "can be charged" is linked to the preceding phrase "any sexual activity" and the subsequent phrase "criminal offense." And this entire phrase modifies the subject of the sentence—the individual who has not attained the age of eighteen years. Therefore, § 2423(a) sufficiently identifies the prohibited conduct—prostitution or criminal sexual activity involving a person less than eighteen years old. A person of ordinary intelligence can tell what conduct is prohibited.

Defendant complains that the statute fails "to define the limits and boundaries of the charging power of any state or federal prosecutor." We disagree. An individual is still on notice that if he transports a minor with the intent that the minor engage in prostitution or criminal sexual activity, whether under state or federal law—he has violated § 2423(a). *Cf. United States v. Dhingra*, 371 F.3d 557, 563-65 (9th Cir. 2004) (holding that the "plain language" of the same phrase "any sexual activity for which any person can be charged," in § 2422(b), "limits its application to situations in which an individual could actually be prosecuted" was not ambiguous; holding that it did not violate the First and Tenth Amendments for incorporating state criminal sexual offense statutes).

In short, Defendant has not shown plain error and is not entitled to relief.

### E. Unanimity Instruction

Lastly, Defendant argues that the district court should have instructed the jury that, in order to convict on Counts Two and Three, it had to unanimously agree on what conduct

Defendant committed. Again, Defendant did not object at trial to the jury instructions, so plain error review applies. *See Morrow*, 977 F.2d at 226.

A federal jury in a criminal case cannot convict unless it unanimously concludes that the government has proven each element of the charged offense. But the "jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element." *Richardson v. United States*, 526 U.S. 813, 817 (1999) (citing *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991) (plurality opinion)). In other words, the elements of a crime must be determined unanimously, but the means by which an element may be accomplished, do not. *United States v. Hart*, 635 F.3d 850, 856 (6th Cir. 2011).

Still, when a charge contains "multiple factual bases" a special unanimity instruction may be warranted if (1) the evidence is exceptionally complex or the alternative specifications are contradictory or unrelated, (2) there is a variance between indictment and the proof at trial, or (3) there is risk of jury confusion. *United States v. Hendrickson*, 822 F.3d 812, 823 (6th Cir. 2016); *see also United States v. Miller*, 734 F.3d 530, 538 (6th Cir. 2013) (observing that only a general unanimity instruction is required where an indictment provides multiple factual bases unless one of three exceptions apply).

Defendant argues that the special instruction was required because Count Two, the travel charge under § 2423(a), and Count Three, the transportation charge under § 2423(b), provided distinct forms of conduct that the jury had to find Defendant intended in order to convict—either criminal sexual activity with Dajsha or prostitution. But the types of prohibited sexual conduct—prostitution, criminal sexual acts or sexual activity—represent alternative ways, or the "several possible sets of brute facts" by which the sexual conduct may be accomplished; they are not elements themselves. As such, jury unanimity is not required. *Richardson*, 526 U.S. at 817.

Moreover, none of the exceptions apply. The charges here are not complex, and Defendant does not allege a variance between the indictment and the proofs at trial or that the specific elements would cause a risk of jury confusion. Instead, he claims that prostitution and direct sexual conduct "are not sufficiently related as to avoid the requirement of unanimity." Not so. For Count Two, the jury had to unanimously agree that when Defendant transported Dajsha, he intended that the sexual conduct with Dajsha occur in one of two ways: either prostitution or sexual activity for which he could be charged criminally. *See Hart*, 635 F.3d at 855-56 (rejecting argument that jury instruction for § 2422(b) required unanimity on the specific means of violating the sexual activity element of the statute, *i.e.*, through either sodomy, rape, or both). Furthermore, the jury acquitted Defendant of the sex trafficking charge; they were not convinced beyond a reasonable doubt that Defendant intended Dajsha to engage in prostitution. Thus, it is unlikely that they were confused when considering the sexual conduct element under Count Two.

As for Count Three, the jury had to unanimously agree that Defendant engaged Dajsha in a sexual act or commercial sexual act. However, there was no evidence presented that Defendant engaged in a commercial sex act with Dajsha. There was only evidence that Defendant engaged in a sexual act with Dajsha. Since only one theory was presented, a unanimity instruction for Count Three was unnecessary.

In short, the conduct alleged in Counts Two and Three is sufficiently related that we need not be concerned that fundamental fairness was at risk. *See United States v. Eaton*, 784 F.3d 298, 309 (6th Cir. 2015).

## III.    CUMULATIVE ERRORS

Absent individual errors, there can be no cumulative error.  Absent cumulative error, there is no due process violation.  *See Campbell v. United States*, 364 F.3d 727, 736 (6th Cir. 2004).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's conviction is **AFFIRMED**.