NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0419n.06

No. 22-6006

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 02, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| UNIQUE BROOKS, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

Before: McKEAGUE, READLER, and DAVIS, Circuit Judges.

PER CURIAM. Unique Brooks appeals his convictions, challenging the jury instructions and verdict form as well as the denial of his motion for a new trial. As set forth below, we **AFFIRM**.

Law enforcement officers responding to a domestic violence call at Brooks's house discovered a plastic bag containing six Molotov cocktails made out of Heineken beer bottles, rags, and gasoline. A federal grand jury subsequently charged Brooks with (1) possessing a destructive device made in violation of federal law, in violation of 26 U.S.C. § 5861(c); (2) possessing an unregistered destructive device, in violation of 26 U.S.C. § 5861(d); and (3) making a destructive device, in violation of 26 U.S.C. § 5861(f).

Brooks moved for a bill of particulars, seeking identification of which of the six devices the government intended to introduce at trial given that each count involved a single destructive device. After the government responded that it intended to offer proof about all six devices, the

district court denied Brooks's motion as moot. Brooks also moved to dismiss the indictment as duplicitous, asserting that the government's presentation of all six devices could result in the jury finding him guilty without reaching a unanimous verdict as to which device supported each count. The district court denied Brooks's motion without prejudice with the acknowledgement that the issue could be addressed at trial after the government introduced its evidence.

Brooks proceeded to trial. Despite his earlier concern about specific unanimity—that is, a unanimous decision among jurors as to which device supported each count—Brooks neither objected to the government's proof about all six devices nor raised any issue about the jury instructions or verdict form with respect to specific unanimity. The jury returned a verdict of guilty as to Counts 1 and 2 and not guilty as to Count 3.

Brooks moved for a new trial on Counts 1 and 2, arguing that the duplicity of those counts combined with the evidence admitted at trial, the jury instructions, and the lack of a special verdict form denied him his Sixth Amendment right to jury unanimity. The district court denied Brooks's motion for a new trial on the basis that he did not suffer any prejudice.

The district court sentenced Brooks to 60 months of imprisonment as to each count, running concurrently, followed by three years of supervised release. Brooks filed a timely notice of appeal from the district court's judgment.

Brooks first argues on appeal that the district court's jury instructions provided an inaccurate statement of the law by failing to require jury unanimity on a specific element of each offense and that the district court erred in failing to remedy the risk of a nonunanimous verdict with augmented jury instructions and a special verdict form. Because Brooks did not make a request at trial for a specific unanimity instruction and special verdict form or otherwise object on these grounds to the district court's jury instructions and general verdict form, we review for plain

error. *See* Fed. R. Crim. P. 30(d), 52(b); *United States v. Tragas*, 727 F.3d 610, 616 (6th Cir. 2013). Brooks "must show that (1) there was an error (2) that was plain, (3) that affected a substantial right, and (4) seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Tragas*, 727 F.3d at 616. "In the context of challenges to jury instructions, plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." *United States v. Semrau*, 693 F.3d 510, 528 (6th Cir. 2012) (quoting *United States v. Morrison*, 594 F.3d 543, 546 (6th Cir. 2010)).

"[A] charge that permits more than one factual basis for conviction 'does not automatically require a unanimity instruction.'" *United States v. Eaton*, 784 F.3d 298, 308 (6th Cir. 2015) (quoting *United States v. Algee*, 599 F.3d 506, 514 (6th Cir. 2010)). A specific unanimity instruction is warranted where "(1) the nature of the evidence is exceptionally complex . . . ; or (2) there is a variance between indictment and proof at trial; or (3) there is tangible indication of jury confusion." *United States v. Hendrickson*, 822 F.3d 812, 823 (6th Cir. 2016) (quoting *United States v. Miller*, 734 F.3d 530, 538-39 (6th Cir. 2013)).

The evidence in Brooks's case was not exceptionally complex—in fact, the evidence as to each destructive device was essentially identical. In responding to a domestic violence call at Brooks's house, law enforcement officers were directed to a plastic bag holding six Molotov cocktails, each made out of a Heineken beer bottle containing a rag wick and gasoline. Five of the glass bottles were 22-ounce bottles, while one was a 7-ounce bottle. And there was no tangible indication of jury confusion. The jury returned a verdict within two hours and without any questions.

In ruling on Brooks's motion for a new trial, the district court concluded that a specific unanimity instruction would have been justified because of a "technical" variance between the

indictment and the proof at trial. "A variance arises when the terms of the indictment 'are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment.'" *United States v. Fields*, 763 F.3d 443, 467 (6th Cir. 2014) (quoting *United States v. Chilingirian*, 280 F.3d 704, 711 (6th Cir. 2002)). The indictment charged that Brooks "knowingly possessed a firearm, as that term is defined in Title 26, United States Code, Section 5845, that is, a destructive device commonly known as a 'Molotov Cocktail.'" Although the indictment charged Brooks with a single device, the government presented evidence of six devices. The district court concluded that, because each Molotov cocktail could establish the basis of an uncharged offense and because the government did not use the evidence of the additional Molotov cocktails for a purpose other than establishing a violation of 26 U.S.C. § 5861, there was a "technical" variance between the indictment and the proof at trial. But we have recognized that "[t]he presentation of additional evidence to substantiate charged offenses . . . does not constitute facts materially different from those charged in the indictment." *United States v. Kuehne*, 547 F.3d 667, 686 (6th Cir. 2008).

Regardless of whether this amounted to a variance, Brooks cannot demonstrate plain error because, as the district court determined, he suffered no prejudice. Brooks points to nothing in the record that would allow a juror to infer that one Molotov cocktail was a destructive device but another was not or that he possessed one Molotov cocktail but not another. *See United States v. Kakos*, 483 F.3d 441, 446 (6th Cir. 2007). Given that the evidence as to each Molotov cocktail was essentially identical, there was no risk of a nonunanimous verdict. Brooks cannot show that the district court's failure to give the jury a specific unanimity instruction and special verdict form affected his substantial rights.

Brooks also argues on appeal the district court abused its discretion in denying his motion for a new trial. The district court may "grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). We review the district court's denial of Brooks's motion for a new trial for an abuse of discretion. *See United States v. Soto*, 794 F.3d 635, 645 (6th Cir. 2015). "The district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *Id*. (quoting *United States v. Dado*, 759 F.3d 550, 559 (6th Cir. 2014)).

According to Brooks, the district court abused its discretion in denying his motion for a new trial by using the wrong legal standard and improperly applying the law. Brooks argues that the district court's failure to give the jury a specific unanimity instruction and special verdict form affected a substantial right—his right to a unanimous verdict. But the district court's failure to give a specific unanimity instruction, even if one is warranted, is not a structural error obviating the need to show prejudice. *See Hendrickson*, 822 F.3d at 822. As addressed above, there was no risk of a nonunanimous verdict given that the evidence as to each Molotov cocktail was essentially identical. Brooks has failed to show that the district court abused its discretion in denying his motion for a new trial on the basis that he did not suffer any prejudice.

For these reasons, we **AFFIRM** Brooks's convictions.