**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

GBOYEGA ALADEKOBA, a/k/a Steven
Aladekoba,

           *Defendant-Appellant.*

No. 02-4499

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonard D. Wexler, Senior District Judge, sitting by designation.
(CR-01-409-A)

Submitted: February 27, 2003

Decided: March 17, 2003

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Christopher B. Amolsch, LAW OFFICE OF CHRISTOPHER
AMOLSCH, Alexandria, Virginia, for Appellant. Paul J. McNulty,
United States Attorney, Vidya Kurella, Special Assistant United
States Attorney, Gene Rossi, Assistant United States Attorney, Alex-
andria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Gboyega Aladekoba appeals his convictions for conspiracy to commit crimes against the government, in violation of 18 U.S.C. § 371 (2000); false statement and aiding and abetting, in violation of 18 U.S.C. §§ 1001(a)(3) (2000), 2 (2000); possession of a false identification document, in violation of 18 U.S.C. § 1028(a)(4) (2000); unlawful procurement of naturalization, in violation of 18 U.S.C. § 1425 (2000); and false statement, in violation of 18 U.S.C. § 1001(a)(2). He was sentenced to six months imprisonment on counts one and two to run concurrently, to be followed by three years supervised release, and placed on five years probation for counts three, four and five, to run consecutive to the supervised release on counts one and two.

On appeal, Aladekoba raises three grounds: (1) there was insufficient evidence to support the unlawful procurement of naturalization count; (2) the district court erred in allowing evidence of uncharged conduct against Aladekoba's wife; and (3) the district court abused its discretion in failing to grant a mistrial when a witness, in violation of a pretrial ruling, specified the crime for which Aladekoba had previously been arrested. Finding no merit in any of the claims, we affirm.

We review de novo the denial of a motion to dismiss an indictment. *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002). We review the sufficiency of the evidence in the light most favorable to the Government to assess whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In order to convict under 18 U.S.C. § 1425(a), the Government must prove: (1) Aladekoba made false statements on the application for naturalization; (2) he made the statements knowingly; (3) the statements were

contrary to law; and (4) he procured or attempted to procure naturalization. The statements must be material in order to be contrary to law. *United States v. Puerta*, 982 F.2d 1297, 1301 (9th Cir. 1992).

Aladekoba was naturalized. He falsely responded that he had never been arrested before, when in fact he had been arrested for an offense involving heroin smuggling; and he asserted that his first name was Steven, when his first name, Gboyega, is on his arrest record. Aladekoba argues that the falsehoods were not material. A statement is material if it has "a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." *Kungys v. United States*, 485 U.S. 759, 770 (1988) (ruling in a denaturalization context) (internal citation and quotation marks omitted). An Immigration and Naturalization Service (INS) agent testified at trial that, had the INS been aware of a prior arrest for felony drug conspiracy and that Aladekoba misrepresented his first name, that these facts would have been a "red flag" that would have prevented the grant of naturalization at least until the arrest and falsehoods were satisfactorily explained. Thus, the falsehoods clearly were material, and the evidence was sufficient to support this conviction.

Aladekoba next argues that uncharged evidence concerning his wife's fraudulent activities should have been excluded under Federal Rule of Evidence 404(b) as unfairly prejudicial. The Government argues that the evidence was intrinsic evidence admissible without regard to Rule 404(b). We agree.

We review the district court's admission or exclusion of evidence for abuse of discretion. *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996) (en banc). "[W]here testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). Evidence of uncharged conduct is not considered evidence of other crimes where "it is necessary to complete the story of the crime. . . ." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (internal citations and quotation marks omitted).

Here, Aladekoba was charged with conspiring with his wife to obtain fraudulent identification documents and government benefits

to which they were not entitled. The challenged evidence of the frauds perpetrated by Aladekoba's wife with false identifications and papers relates to her conspiracy with Aladekoba to obtain a false birth certificate, passport, and naturalization. Thus, it arose out of the same series of transactions as the charged offense, and helps paint a complete picture of the offense. The district court did not abuse its discretion in allowing the disputed evidence.

Finally, Aladekoba asserts that the district court erred in denying his motion for mistrial when a witness testified as to the specific nature of the prior arrest, contrary to the district court's pretrial ruling. The district court gave an unrequested limiting instruction to the jury. We review for abuse of discretion, and will find such abuse "only under the most extraordinary of circumstances." *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997). The defendant must show prejudice for the ruling to constitute an abuse of discretion. *United States v. West*, 877 F.2d 281, 288 (4th Cir. 1989). Here, particularly with the court's warning to the jury, Aladekoba can show no prejudice from the brief statement. Therefore, we find no abuse of discretion.

We perceive no merit in Aladekoba's claims, and affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*