RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0210p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee*,

                                                    No. 12-5477

        *v.*

JERRY CHARLES NELSON, JR.,
                  *Defendant-Appellant*.

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:10-cr-00053—Todd J. Campbell, Chief District Judge.

Argued: June 20, 2013

Decided and Filed:  August 7, 2013

Before:  ROGERS and KETHLEDGE, Circuit Judges; BORMAN, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Erik R. Herbert, Nashville, Tennessee, for Appellant.  Cecil W. VanDevender, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee. **ON BRIEF:** Erik R. Herbert, Nashville, Tennessee, for Appellant.  William L. Deneke, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

ROGERS, Circuit Judge.  Jerry Nelson appeals from his conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). Nelson challenges the sufficiency of the evidence and argues, among other things, that

_____

[*]The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

prejudicial hearsay evidence was admitted in the form of police testimony regarding an anonymous 911 caller's description of an armed man fitting his exact characteristics. At trial, the central question for the jury was whether Nelson possessed a gun, and the district court permitted the Government to present the testimony of five police officers describing in detail what the dispatcher told them about the suspect. The district court accepted the Government's argument that this evidence was admissible as background information, and gave the jury a limiting instruction after each officer's testimony. Although we reject Nelson's argument that there was not sufficient evidence of his guilt to sustain the jury's verdict, the judgment of conviction must be vacated on both counts because of the prejudicial admission of the hearsay evidence, notwithstanding the Government's contention that this evidence was admitted only as background information.

In the early morning hours of June 15, 2009, Officers Joshua Meredith and Tommy Massey of the Murfreesboro, Tennessee police department were dispatched in response to an anonymous 911 call reporting that a black man wearing a blue shirt, with a "poofy" afro, riding a bicycle, was armed with a pistol. Officer Meredith arrived at the scene first and began to make conversation with a man, Jerry Nelson, who precisely matched this description. Officer Massey then arrived to find Officer Meredith speaking with Nelson from his patrol car. As Officer Meredith started to get out of his car to speak to Nelson further, Nelson began to ride away on his bicycle. Officer Meredith shouted at Nelson to stop, but Nelson kept riding away. Officer Massey, still in his squad car and following Nelson at a distance of between ten and twenty-five feet, observed Nelson reach into his waistband and throw a large, heavy object, which Officer Massey believed to be a gun, into nearby bushes. Officer Massey continued following Nelson across the street to a parking lot, where Nelson tried to abandon his bicycle and continue his flight on foot. By this point, additional responding officers had joined the pursuit, and Nelson was quickly stopped. Officer Massey recalls that this entire sequence of events took place in approximately one minute.

After Nelson was placed under arrest, officers searched him and recovered bullets from his pocket. Officer Massey sent two officers to search the area where he observed Nelson throw the heavy object into the bushes. The officers found a loaded gun at that location. Nelson was eventually charged with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). Nelson made a pretrial motion to prevent the Government from presenting any testimony regarding the 911 caller's description of the suspect on the grounds that this evidence was inadmissible hearsay. The district court denied this motion and, after a trial, a jury convicted Nelson. The district court denied Nelson's post-trial motion for a judgment of acquittal and, after a hearing, sentenced Nelson to eighty-four months' imprisonment. Nelson now appeals.

Although reversal is required on the hearsay-evidence issue, as explained below, we first conclude that sufficient evidence supported the jury's verdict. Sufficiency of the evidence must be independently considered because a reversal on that ground would preclude retrial. *See Patterson v. Haskins*, 470 F.3d 645, 651–53 (6th Cir. 2006); *see also Burks v. United States*, 437 U.S. 1, 18 (1978).

The verdict was supported by sufficient evidence, and Nelson's argument to the contrary is meritless. This court reviews challenges to the sufficiency of the evidence by determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Conviction under 18 U.S.C. § 922(g) requires proof that the defendant had previously been convicted of a felony, and that he knowingly possessed a firearm that had traveled in interstate commerce. *United States v. Morrison*, 594 F.3d 543, 544 (6th Cir. 2010). At trial, Officer Massey testified that he observed Nelson remove a dark, heavy object—which Officer Massey believed, based on his training and experience, was a firearm—from Nelson's waistband and throw it into the bushes. Officer Massey later directed other officers to the area where Nelson had thrown the unidentified object, where they recovered the gun. This was sufficient evidence for the jury to connect

Nelson to the gun. In addition, the Government presented evidence establishing that Nelson had a prior felony conviction, and that the gun was not manufactured in Tennessee and had therefore traveled in interstate commerce.

Reversal is nonetheless required because the police officers' testimony regarding the anonymous 911 caller's description of the suspect was hearsay evidence admitted to prove that Nelson possessed a gun. The five officers' detailed testimony, which was based on an anonymous, out-of-court declarant's observations, went directly to the key issue for jury resolution, was not necessary for the Government to provide the jury with a coherent narrative explaining the officers' actions, and was too prejudicial for the harm to be cured with a limiting instruction. Furthermore, the error was not harmless because it is more probable than not that it had a material impact on the jury's verdict.

The hearsay evidence should not have been admitted. Officers Massey and Meredith each testified that the dispatcher told them an anonymous caller described the suspect as "a black male with poofy hair wearing a blue shirt riding a bicycle who was armed with some type [of] handgun," and "a male black subject in the area of State and Highland who was riding a bicycle with a blue shirt and a poofy wig that was armed with some type of handgun." No officer testified to having seen Nelson possess a gun, and Officer Massey admitted that he relied on the dispatcher's report to conclude that Nelson possessed a gun.

It is necessary here to examine the purpose for which ostensibly non-hearsay evidence was introduced in order to determine whether it is hearsay in the first place. *See, e.g.*, *United States v. Sallins*, 993 F.2d 344 (3d Cir. 1993). Contrary to the Government's position, the police officers' testimony about the 911 call, in the context of this case, was effectively offered to prove the truth of the statements made, rather than to show background. This renders the statements hearsay under Federal Rule of Evidence 801(c)(2), and thereby inadmissible under Rule 802. It is true that background information that explains how law enforcement came to be involved might not be hearsay because it is offered not for the truth of the matter asserted, but rather to show why the officers acted as they did. *See, e.g.*, *United States v. Caver*, 470 F.3d 220, 239

(6th Cir. 2006); *United States v. Aguwa*, 123 F.3d 418, 421 (6th Cir. 1997). In this case, however, the anonymous 911 caller's description was neither relevant nor material because the officers' background or state of mind were never at issue at Nelson's trial.

Moreover, to the extent the jury needed to hear about what prompted the police action, a less-detailed statement indicating that the police received a 911 call, without detailing the caller's description, would have avoided the prejudice problem while still ensuring that the jury was given the minimal background information needed to understand why the officers behaved as they did. For example, the officers could have testified that they were responding to an anonymous complaint of illegal activity in the area, or that they were responding to a report of a suspicious individual believed to be dangerous. In *United States v. Hearn*, 500 F.3d 479, 483 (6th Cir. 2007), we indicated that a statement "[t]hat the officers had [received] reports from [an out-of-court declarant] of 'some illegal activity,' for example, would have sufficed" to show why the authorities initiated their investigation of the defendant. Although *Hearn* dealt with a Confrontation Clause violation rather than a hearsay-rule violation, this court's concern with allowing evidence about an out-of-court declarant's statements directly to inculpate the defendant is relevant here.

The Government suggests that, without hearing detailed testimony about the suspect's appearance, the jury would have been confused about why the officers were questioning Nelson or, even worse, would have viewed the officers' use of force in drawing their weapons on Nelson as excessive. Its concern is overstated. The Government contended that the jury needed to hear that the suspect was armed to understand why the police responded as they did. *See* R. 98 at 14. But the jury heard testimony that Officers Massey and Meredith arrived at the scene in response to the 911 call, encountered Nelson, and were speaking with him before he began fleeing. The officers used force against Nelson only to prevent him from escaping, and Nelson was initially arrested for resisting a stop and frisk rather than for gun possession. Even without being given the details of the 911 caller's description, a rational juror would not

conclude that the officers were arbitrarily harassing Nelson or using excessive force against him.

This is not a case where evidence of an out-of-court declarant's statements was necessary to provide the jury with a coherent narrative explaining complex interactions between criminal defendants, police officers, and cooperating witnesses. *See, e.g.*, *Aguwa*, 123 F.3d 418 at 421–22; *United States v. Evans*, 883 F.2d 496, 501 (6th Cir. 1989). In some cases a jury may become confused about why officers were targeting a particular individual if the jury is not provided a coherent narrative of the investigation. However, this case does not involve a complex police action involving, for example, controlled drug purchases or confidential informants also involved in criminal activity. Officers Massey and Meredith were simply responding to a complaint about a potentially dangerous person, and a less-detailed description of the 911 caller's complaint would have eliminated potential juror confusion about why the police were in the area and speaking with Nelson, without showing by unattributed statements that Nelson possessed a gun.

The hearsay nature of the 911-call evidence in this case is supported by similar cases in other circuits. In *United States v. Sallins*, 993 F.2d 344, 345–46 (3d Cir. 1993), the Third Circuit rejected a background-information argument, and held inadmissible as hearsay police testimony regarding a radio dispatch based on a 911 call, and the contents of the call, to the effect that there was a black male in black clothing carrying a gun at a certain location. The court reasoned in part that the government could have simply elicited testimony that the officers "were responding to a radio call or information received," and that "no background beyond what the officers testified they observed was necessary to help the jury understand why [the officers] pursued and arrested Sallins." *Id*. at 346. As shown above, these considerations apply as well in this case. *See also United States v. Reyes*, 18 F.3d 65, 69-72 (2d Cir. 1994).

The admission of the hearsay evidence here was not harmless because it is more probable than not that the error materially affected the verdict. *See Caver*, 470 F.3d at

239 (stating standard).  The testimony by five separate officers[1] about the 911 caller's statements repeatedly invited the jury to conclude that a man fitting Nelson's exact description was seen armed with a handgun.  The Government's other evidence was circumstantial, and no officer testified to having seen Nelson possess a gun.  Moreover, at least one officer testified that he relied on the hearsay evidence to conclude that Nelson possessed a gun, belying the Government's contention that the evidence about the 911 caller's statement was being offered merely as background information.  In *Hearn*, we concluded that because the out-of-court declarant's statements "went to the heart of the government's case" against the defendant, the error—there, a Confrontation Clause violation—was not harmless.  *Hearn*, 500 F.3d at 485.  The same reasoning governs here because the Government's case was likewise circumstantial and the hearsay evidence went to the heart of the Government's case.  In light of these facts, the error in admitting the hearsay evidence was not harmless.

The hearsay evidence was also prejudicial because the officers' testimony went to the very heart of the sole disputed issue for the jury's resolution, namely whether Nelson possessed a gun.  Because five separate officers each testified as to what the dispatcher told them, the fact that Nelson matched the description provided by the 911 caller was repeatedly emphasized at trial.  Moreover, the consistency of the officers' testimony about the suspect made it likely the jury would credit their testimony.  Because it is impossible to determine how extensively the hearsay testimony prejudiced the jury's verdict, the district court must be reversed on the ammunition possession count as well.

The curative instructions, moreover, were not sufficient to eliminate the prejudice on the facts of this case.  Although the district court gave the jury a limiting instruction after each officer's testimony—reminding them that the evidence about the suspect's description was not to be considered for its truth—the prejudicial nature of the evidence

---

[1]Officers Meredith, Massey, Shan Harris, David Miller, and Bradley Premo all testified that the 911 caller described a man armed with a gun at the location where Nelson was found, and all but Officer Miller testified that dispatch described the suspect as a black male with poofy hair, riding a bicycle, who was armed with a gun.

and the fact that it went to the key issue for the jury's resolution made it unlikely that the limiting instruction adequately protected Nelson from prejudice.  A limiting instruction is not always sufficient to cure the harm of highly prejudicial information improperly admitted at trial.  *See United States v. Martin*, 897 F.2d 1368, 1372 (6th Cir. 1990); *see also Bruton v. United States*, 391 U.S. 123, 132 (1968).

Although the hearsay issue alone requires reversal, we address Nelson's other claims to provide guidance to the district court on remand.  The district court properly denied Nelson's motion to suppress the gun and ammunition, and properly rejected Nelson's proposed jury instruction on police negligence.

Because the gun was abandoned property and Nelson had no legitimate expectation of privacy in it or the place in which it was found, the government's warrantless search and seizure of that evidence did not violate the Fourth Amendment. The warrantless search and seizure of abandoned property does not violate the Fourth Amendment, and whether property has been abandoned "turns upon whether a person can claim a continuing, legitimate expectation of privacy in the item at issue." *United States v. Robinson*, 390 F.3d 853, 873 (6th Cir. 2004); *see Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *Abel v. United States*, 362 U.S. 217, 241 (1960).  A legitimate expectation of privacy exists when a person "has exhibited an actual (subjective) expectation of privacy" and "the individual's subjective expectation of privacy is one that society is prepared to recognize as reasonable." *Smith v. Maryland*, 442 U.S. 735, 740 (1979) (internal quotation marks omitted).  Nelson had no legitimate expectation of privacy in the property at issue here.  Viewing the evidence, as we must, in the light most favorable to the Government, *see United States v. Couch*, 367 F.3d 557, 560 (6th Cir. 2004), the district court properly admitted the gun into evidence.

The ammunition was also properly admitted in evidence because the warrantless search leading to that evidence was a valid search incident to arrest.  The district court properly concluded that at the point when Officer Massey observed Nelson throw what Massey thought was a gun into the bushes, he had probable cause to arrest Nelson. Although Nelson was initially arrested for a state-law offense—resisting a stop and

frisk—different from the felony-gun-possession offense he was subsequently charged with, the officers had probable cause to arrest him at the time. An arresting officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). The police had probable cause to arrest and search Nelson based on the circumstances. Viewing the evidence in the light most favorable to the Government, the district court properly admitted the ammunition into evidence.

The district court properly rejected Nelson's proposed jury instruction on police negligence because Nelson's proposed jury instruction relied on an insubstantial critique of the police investigation. "A trial court's refusal to give a requested jury instruction is reversible error only if the instruction is (1) correct, (2) not substantially covered by the actual jury charge, and (3) so important that failure to give it substantially impairs [the] defendant's defense." *United States v. Hart*, 635 F.3d 850, 854 (6th Cir. 2011) (citation omitted). Nelson claims that the police were negligent because they failed to collect the evidence wearing latex gloves or test the gun and ammunition for fingerprints, and because the police reports contained mistakes and inconsistencies. Even if the investigation was imperfect, the district court properly concluded that "none of th[e]se matters rise to the level of the need for an instruction that as a matter of law that those things are negligence." The district court appropriately exercised its broad discretion in crafting jury instructions.

We do not address Nelson's challenge to the substantive reasonableness of his sentence because the case will be remanded for a new trial.

The district court's judgment as to both the firearm possession and the ammunition possession counts is vacated, and the case is remanded for proceedings consistent with this opinion.