NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0338n.06

No. 14-5675

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 07, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff–Appellee*, | ) ) | |
| | ) ) | ON APPEAL FROM THE UNITED |
| v. | ) ) | STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESEE |
| KEYLON WEAVER, | ) ) | |
| *Defendant–Appellant*. | ) ) ) | |

Before: MERRITT, BOGGS, and ROGERS, Circuit Judges.

BOGGS, Circuit Judge. Defendant-Appellant Keylon Weaver appeals his jury-trial convictions for being a felon in possession of a firearm, being a felon in possession of ammunition, and possession of crack cocaine. Weaver argues on appeal that the district court improperly admitted evidence that he gave a false name to the arresting officers and that there was insufficient evidence to support the felon-in-possession convictions. We disagree and affirm his convictions for reasons set forth below.

I

Three Union City, Tennessee police officers, Sergeant Brandon Adams and Patrolmen Ben Yates and Ben Burnett, investigated a report that two men were about to start a fight at a residence on 808 East Florida Avenue on the night of July 7, 2013. Sergeant Adams questioned a man in the driveway while the two patrolmen went to the back of the residence, finding five

1

men, including Weaver, on the patio. The patrolmen recognized Weaver from his description in a domestic-assault arrest warrant and asked Weaver to identify himself. Weaver stated that he had no identification documents and provided a name that the patrolmen believed to be false. The patrolmen escorted Weaver to the front of the residence so that Sergeant Adams could confirm his identity.

As the patrolmen escorted Weaver, Sergeant Adams saw Weaver drop an object and called out to the patrolmen. Weaver grabbed the dropped object and attempted to flee, but the patrolmen gave chase and tackled him to the ground. As Weaver fell, he threw the object towards the residence's fence line. At this time, a different man from the patio approached with hands in his pockets. Patrolman Yates drew his firearm and repeatedly commanded the approaching man to get on the ground. The man complied after several commands. The police checked the area and found a handgun along the fence line. When the officers helped Weaver to his feet, they also found a small bag containing crack cocaine where he had been sitting.

The government charged Weaver with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1); being a felon in possession of ammunition, in violation of the same statutes; and possession of crack cocaine, in violation of 21 U.S.C. § 844(a). Prior to trial, the government filed a pre-trial notice of intent to introduce evidence under Federal Rule of Evidence 404(b), including evidence that Weaver had an outstanding domestic-violence arrest warrant, that he initially gave a false name to the officers, and that he attempted to flee. Weaver objected to the proposed evidence. The government conceded that the specific nature of the warrant was not relevant and proposed stating that there was an outstanding unrelated warrant, and the defense did not object further to the arrest-warrant evidence. The district court admitted the false-name and attempted-flight evidence.

2

Weaver filed two Rule 29 motions, arguing that there was insufficient evidence tying him to the loaded handgun. The district court denied both motions, and the jury convicted Weaver on all three charges after a two-day trial. Weaver was sentenced to a total of 44 months of imprisonment. Weaver timely appeals, arguing that the district court improperly admitted the false-name evidence and that there was insufficient evidence to support his felon-in-possession convictions.

**II**

**A**

Weaver first argues that his provision of a false name to the arresting officers was "other act" evidence that is inadmissible under Federal Rule of Evidence 404(b). Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Other-act evidence is admissible in order to prove material non-character issues so long as the probative value is not substantially outweigh by the potential prejudicial effect. Fed. R. Evid. 403, 404(b)(2). District courts apply a three-step inquiry in evaluating the admissibility of other-act evidence.

> *First,* the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second,* if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third,* if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012).

There is an intra-circuit split as to the proper standard to apply in reviewing a district court's admission of other-act evidence. *Id.* at 703 (Kethledge, J., dissenting). Under the first approach, we review the district court's ruling as to each step for abuse of discretion. *See United*

*States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997) ("We have held that abuse of discretion is the proper standard of review of a district court's evidentiary rulings."). The second approach reviews the first step for clear error, the second step de novo, and the third step for abuse of discretion. *See Clay*, 667 F.3d at 693. Weaver's challenge fails under either approach.

Because Weaver admits that he provided a false name, Appellant's Br. at 15, we need not review the district court's first-step determination that the other act actually occurred. Weaver argues that the district court erred in the second step of the Rule 404(b) analysis because his false self-identification was not probative of a non-character material issue. The district court articulated two reasons for admitting the false-name evidence: (1) the evidence was probative of Weaver's attempt to evade the officers' investigation, and therefore spoke to Weaver's consciousness of guilt; and (2) the evidence was part of the background of the events surrounding Weaver's arrest.

Other-act evidence is admissible to demonstrate a defendant's state of mind. *See, e.g.*, *United States v. Harmon*, 593 F. App'x 455, 460 (6th Cir. 2014), *cert. denied*, No. 14-8516, 2015 WL 740901 (U.S. Mar. 23, 2015); *United States v. Kennedy*, 578 F. App'x 582, 590-91 (6th Cir. 2014). Using a false identity to avoid the attention of authorities evinces consciousness of guilt. *See, e.g.*, *United States v. Trujillo*, 376 F.3d 593, 604–05 (6th Cir. 2004) (affirming admission of evidence that defendant charged with drug-trafficking conspiracy paid a third-party to title cars used to traffic marijuana in her name in part because this showed consciousness of guilt); *United States v. Okayfor*, 996 F.2d 116, 120 (6th Cir. 1993) (finding possession of counterfeit identification documents showed defendant sought to conceal his travel and therefore the documents were admissible\ as evidence of consciousness of guilt); *see also United States v.*

*Kalish*, 690 F.2d 1144, 1155 (5th Cir. 1982) ("[A] defendant's attempt to conceal his identity from an arresting officer by the use of an alias is relevant as proof of consciousness of guilt." ); *United States v. Boyle*, 675 F.2d 430, 432 (1st Cir. 1982); *Marcoux v. United States*, 405 F.2d 719, 721 (9th Cir. 1968).

In this case, Weaver's attempt to evade the police's attention by concealing his identity with a false name is relevant as evidence that he was aware of unlawfully possessing a loaded firearm. While Weaver contends that his stipulation to his status as a felon makes the false-name evidence irrelevant, this argument fails because he did not stipulate to possessing the firearm. Weaver also argues that he could have lied about his identity to prevent the officers from discovering his outstanding domestic-abuse arrest warrant, rather than his firearm possession. But the issue of whether a defendant's evasive conduct evinced consciousness of guilt for a charged offense or was motivated by other reasons is a question for the jury. *United States v. Dillon*, 870 F.2d 1125, 1126 (6th Cir. 1989). Regardless of whether we review de novo or for abuse of discretion, we find no error in the district court's conclusion that the false-name evidence was not excludable under Rule 404(b) because it was probative as to Weaver's consciousness of guilt.

The district court also admitted the false-name evidence as non-character background evidence (also known as *res gestae* evidence). *See United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013). "Background evidence consists of those other acts that are inextricably intertwined with the charged offense," including evidence that "completes the story of the charged offense." *Ibid.* (internal quotation marks omitted). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000).

5

Weaver's false self-identification was necessary for the prosecution to present a coherent narrative of the circumstances surrounding the police's discovery of the charged offenses. Weaver dropped the incriminating handgun while being escorted by the patrolmen to Sergeant Adams. The patrolmen were escorting Weaver because they believed that Weaver had given them a false name and that Sergeant Adams could confirm Weaver's identity. Weaver's false self-identification thus gave rise to the circumstances surrounding the police's discovery of the handgun and occurred at the same time and place as the discovery. Regardless of whether we review de novo or for abuse of discretion, we find no error with the district court's conclusion that Weaver's false self-identification was background evidence.

Both approaches to reviewing the admission of other-act evidence adopts an abuse-of-discretion standard to review the district court's third-step balancing of the probative value of the evidence against its potential unfair prejudice under Rule 403, according to which "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403(a). Under the abuse-of-discretion standard, "we take a maximal view of the evidence's probative effect and a minimal view of its unfairly prejudicial effect," *United States v. Brown*, 367 F.3d 549, 554 (6th Cir. 2004) (internal quotation marks omitted), and we will only "find an abuse of discretion where [we] ha[ve] a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors," *United States v. Jones*, 403 F.3d 817, 820 (6th Cir. 2005) (internal quotation marks and citation omitted). The false-name evidence was clearly probative as to Weaver's mental state and was inextricably intertwined with the background surrounding his arrest. And it was not overly

6

prejudicial because lying about one's name does not overtly show propensity to commit the charged offenses. The district court therefore properly admitted the false-name evidence.

**B**

Weaver next argues that there was insufficient evidence to convict him of being a felon in possession of a firearm and ammunition. We review challenges to the sufficiency of evidence by determining whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

In order to obtain a felon-in-possession conviction, the government must prove "that the defendant had a previous felony conviction, that the defendant knowingly possessed the firearm specified in the indictment, and that the firearm traveled in or affected interstate commerce." *United States v. Morrison*, 594 F.3d 543, 544 (6th Cir. 2010) (internal quotation marks omitted). Weaver concedes that he had a prior felony conviction and that the handgun recovered by the police travelled in interstate commerce. He argues only that the government failed to provide sufficient evidence that would enable a reasonable jury to conclude that the recovered handgun was in fact his.

"Actual or constructive possession is sufficient to give rise to criminal liability under § 922(g)." *States v. Castano*, 543 F.3d 826, 837 (6th Cir. 2008). "Possession may be proved by direct or circumstantial evidence." *United States v. Arnold*, 486 F.3d 177, 181 (6th Cir. 2007) (en banc). In *United States v. Nelson*, we held that the recovery of a firearm from a bush immediately after police observed a fleeing defendant throw an object into that bush was sufficient evidence to permit the jury to infer that the thrown object was a firearm that had been in the possession of the defendant. 725 F.3d 615, 618-19 (6th Cir. 2013).

7

In this case, the officers recovered a firearm near the fence line immediately after they observed Weaver throwing an object towards the fence as he attempted to flee. Weaver argues that the firearm could have belonged to the man who had ventured from the patio to the yard with his hands in his pockets. According to Weaver, "[i]t is just as plausible that this man did not want to remove his hands from his pockets because he knew he had the firearm, and he feared arrest after what he saw happening with Mr. Weaver. He could have discarded the gun into the same location to avoid detection." Appellant's Br. at 29. But even if Weaver's scenario were plausible, he cannot rely on a merely plausible alternative explanation to challenge the sufficiency of evidence for his conviction. *See United States v. Adamo*, 742 F.2d 927, 932 (6th Cir. 1984) ("It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt."). So long as a jury, viewing the statements most favorably to the prosecution, could reasonably infer that Weaver possessed the handgun, then the verdict must stand. *Arnold*, 486 F.3d at 182 (because a jury "reasonably could have reached these conclusions . . . we must respect the jury's inferences over our own."). Viewed from the perspective mandated by Rule 29, the evidence does not preclude the required inference. Therefore, there was sufficient evidence to convict Weaver of being a felon in possession of a firearm and ammunition.

### III

Weaver could not show that the district court erroneously admitted the false-name evidence or that it erroneously denied his Rule 29 motions. We therefore AFFIRM his convictions.