**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4268

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID ALEXANDER MORALEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:19-cr-00061-KDB-DCK-2)

Submitted:  March 27, 2023                    Decided:  April 11, 2023

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Eric J. Foster, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Alexander Moralez was convicted after a jury trial of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; two counts of distribution and possession with intent to distribute 50 grams or more of methamphetamine and aiding and abetting, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(A); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h).   All four counts pertained to offense conduct occurring in 2018 and 2019.   The district court calculated Moralez's advisory imprisonment range under the U.S. Sentencing Guidelines Manual (2018) at 360 months to life.   The court imposed a downward variance and sentenced Moralez to four concurrent 144-month prison terms.   On appeal, Moralez challenges his convictions and his prison sentence, arguing that the district court reversibly erred in admitting certain testimony from his co-defendant and that his prison sentence is substantively unreasonable.   We affirm.

We review the district court's admission of evidence for abuse of discretion. *United States v. Ebert*, 61 F.4th 394, 403 (4th Cir. 2023). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).   Moralez challenges the district court's admission of testimony from his co-defendant Kong Sayavong that his friend and fellow drug dealer

2

Darren told him during a conversation in 2017 that he had success in shipping packages of drugs from shipping services business Sam's Mail Call (Sam's) and that Sayavong should try and ship packages from Sam's and ask for help from "a young Mexican guy named David." Moralez claims these statements were inadmissible hearsay.

The Federal Rules of Evidence provide that hearsay is not admissible evidence and define hearsay as "a statement, that . . . the declarant does not make while testifying at the current trial . . . and [that] a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c), 802. Statements that are offered to prove the effect of the statement on the listener, however, are not offered for their truth and thus do not fall within the definition of hearsay. *United States v. Jenkins*, 579 F.2d 840, 842 (4th Cir. 1978). We conclude after review of the record that Sayavong's testimony about what Darren told him about how he was able to ship drugs from Sam's was not offered for the truth of the matters asserted in the conversation. Rather, the testimony was offered for its effect on the listener, Sayavong. It explained what motivated him to visit Sam's and why he approached employee Moralez about working with him. *See United States v. Leake*, 642 F.2d 715, 720 (4th Cir. 1981) (statement to defendant about use of returned funds was not hearsay because it was not offered to prove that money was, in fact, used as described to defendant; its purpose was to show that defendant believed that the funds were being used legitimately); *Jenkins*, 579 F.2d at 842 ("Insofar as elements of the taped conversations not directly expressing Johnson's intent were offered to prove that intent, they were not hearsay, for the import of them was their effect on her and not their truth." (emphasis omitted)); *see also United States v. Leonard-Allen*, 739 F.3d 948, 954 (7th Cir.

3

2013) ("A witness's statement is not hearsay if the witness is reporting what he heard someone else tell him for the purpose of explaining what . . . motivated [the witness] to do something. In th[is] circumstance[], the out-of-court statement is not being offered as evidence that its contents are true."); *United States v. Simmons*, 11 F.4th 239, 263-64 (4th Cir. 2021) (upholding admission of recorded telephone call between defendant's rival gang members about their "beef" with defendant because evidence was not admitted "to prove as true the reasons for the 'beef' as stated on the call, but to prove how those reasons caused [the defendant] to react"). Because Sayavong's testimony about Darren's statements to him explained why Sayavong visited Sam's and approached Moralez, the district court did not abuse its discretion in admitting it.[1]

Moralez also contends that his 144-month prison sentence is substantively unreasonable. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up). We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020). "Such a presumption can only be rebutted

---

[1] We conclude that Moralez's reliance on *United States v. Nelson*, 725 F.3d 615 (6th Cir. 2013), does not establish to the contrary.

4

by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (internal quotation marks omitted).[2]

Moralez, we conclude, does not make this showing. He suggests that the district court impermissibly relied on a single factor—its disbelief in his denial of criminal responsibility—in imposing the sentence. This assertion, however, is belied by the record, which shows that the district court relied on a host of factors—namely, Moralez's serious offense conduct; the needs for the sentence imposed to promote respect for the law, provide just punishment for that serious conduct, and afford adequate deterrence; Moralez's history and characteristics; and the need to avoid unwarranted sentencing disparities, 18 U.S.C. § 3553(a)(1), (2)(A)-(C), (6)—in imposing the 144-month prison terms. Moralez fails to overcome the presumption of substantive reasonableness afforded to his below-Guidelines prison sentence.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We have confirmed after review of the record that Moralez's prison sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019).